UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VITALIS OKERE and VERONICA OKERE, <br><br> Plaintiffs, <br><br> v. <br><br> DELTA AIRLINES, INC. and ENDEAVOR AIR DBA DELTA CNX, <br><br> Defendant. | ) ) ) ) ) ) CIVIL ACTION FILE NO. ) ) _____ ) ) ) ) ) ) |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COME Plaintiffs, Vitalis Okere and Veronica Okere, by and through their undersigned attorneys, and for their complaint state:

1. Each condition precedent to maintaining this cause of action has accrued. The amount in controversy exceeds the seventy-five thousand ($75,000.00) dollar minimum jurisdictional limit of this Court, exclusive of costs and interest, and jurisdiction is otherwise proper predicated on diversity of citizenship, 28 USC §1332 and in the alternative based upon The Convention for the Unification of certain rules relating to international

carriage by air, commonly known as The Warsaw Convention of 1929 and the Montreal Accords of 1999, more fully alleged below.

2. At all times material to this cause of action, plaintiffs Vitalis Okere and Veronica Okere were lawfully married and residents of the state of Texas. The claims of Vitalis Okere are founded in personal injury and the claims of Veronica Okere are founded in loss of consortium.

3. At all times material to this cause of action, defendant Delta Airlines, Inc. ("Delta") was and is a corporation for profit incorporated in a state other than Georgia with its principle place of business located in Georgia.

4. At all times material to this cause of action, defendant Endeavor Airlines DBA Delta CNX, a Delta Connection Carrier ("Endeavor") was and is a corporation for profit incorporated in a state other than Georgia, with its principle place of business located in Minnesota.

5. On or about February 13, 2018, the Defendants jointly operated an Airbus A330-223 transport category aircraft denominated as Delta Flight 55, providing common carriage between Lagos, Nigeria and Atlanta, Georgia and then on to the intended final destination of Houston, Texas.

6. Plaintiff Vitalis Okere purchased his ticket in Houston, Texas, for travel aboard Delta Flight 55 and he was a fare-paying passenger aboard

the airplane when it departed from Lagos, Nigeria. Houston, Texas, was the final destination of international travel on the ticket purchased by Plaintiff.

7. While airborne the aircraft experienced a catastrophic failure and fire in its number one engine. The aircraft returned to the Lagos Airport, where it made an emergency landing.

8. After the emergency landing, passengers, including plaintiff, Vitalis Okere, evacuated the airplane by use of an emergency slide.

9. An accident as defined by the Warsaw Convention and the Montreal Accords occurred on Delta Flight 55 that caused injuries and damages to the Plaintiffs, as more fully alleged below.

10. Defendants acted in concert with each other such that the actions, omissions and commissions of one are indistinguishable from the other and imputed to each through contract and the legal doctrines of agency, joint venture, apparent agency, and derivative liability.

11. At all times material to this cause of action, the pilots and cabin crew of the aircraft were acting within the scope of their authority and employment as agents of the Defendants, according to the purposes for which they were hired.

12. Under the legal doctrine of *respondent superior*, Defendants are liable for the acts and omissions of their employees who maintained and

operated the subject aircraft prior to and during the flight giving rise to the accident.

## COUNT ONE

### COUNT ONE: NEGLIGENCE OF DELTA AIRLINES, INC. AND ENDEAVOR AIR DBA DELTA CNX

13. Plaintiffs incorporate by reference each prior allegation as if specifically restated herein, paragraph for paragraph and word for word.

14. Defendants owed Plaintiffs certain duties.

15. Notwithstanding their duties, Defendants breached them in the following particulars:

   a. When they negligently operated Delta Flight 55 in a manner that caused injuries to Plaintiff during the emergency evacuation;

   b. When they negligently maintained the aircraft in a manner that caused a catastrophic failure of the number one engine;

   c. When they negligently operated the aircraft in a manner that caused a catastrophic failure of the number one engine;

   d. When they negligently instructed and failed to properly instruct Plaintiff in the use of the emergency slide for safe evacuation;

   e. When they negligently deployed the emergency evacuation slide in a manner that caused Plaintiff injuries;

   f. When they negligently failing to contract with competent maintenance personnel to perform maintenance, repair and overhaul on the accident aircraft;

    g. When they negligently failed to provide safe carriage to Plaintiff;

    h. When they were otherwise negligent in the instruction, deployment, operation and use of the emergency evacuation slide;

    i. When they negligently failed to take all reasonable and necessary precautions to ensure that an in-flight emergency such as the one that injured Plaintiff, would not occur;

    j. When they negligently failed to warn of the deficiencies and dangers in the maintenance and in the inadequate crew training in the subject aircraft, rendering it unsafe;

    k. When they were otherwise negligent in the maintenance, operation of the aircraft and the supervision and training of crewmembers and training for use of emergency evacuation equipment.

16. As a proximate result of the result of Defendants' breach of duties, the accident occurred and plaintiff Vitalis Okere suffered injuries and damages as more fully alleged below.

### COUNT TWO: BREACH OF CONTRACT BY DEFENDANTS

17. Plaintiffs incorporate by reference each prior allegation as if specifically restated herein, paragraph for paragraph and word for word.

18. Defendants contracted with Plaintiff to provide transportation by air in a safe manner, in an airworthy aircraft, to deliver plaintiff Vitalis Okere from Lagos, Nigeria to Atlanta, Georgia and then to Houston, Texas.

19. Defendant breached its contract by failing to provide a safe and airworthy aircraft and by failing to safely deliver plaintiff Vitalis Okere to his destination.

20. As a proximate result of Defendants' breach of contract, Plaintiffs have suffered injuries and damages as more fully alleged below.

## COUNT THREE: WARSAW CONVENTION AND MONTREAL ACCORDS

21. Plaintiffs incorporate by reference each prior allegation as if specifically restated herein, paragraph for paragraph and word for word.

22. The accident flight constituted international carriage performed for reward and was subject to and conducted in accordance with the Warsaw Convention and the Montreal Accords.

23. An accident occurred as defined by the convention and the accords, causing injury to plaintiff Vitalis Okere and entitling Plaintiffs to recover damages for the injuries they have suffered.

## DAMAGES

24. As a proximate result of the negligence and breach of contract and as a result of injuries suffered from the accident, Plaintiffs have suffered and claim for all damages permitted pursuant to applicable law. Plaintiff Vitalis Okere suffered permanent injuries to both knees and hip, requiring

surgeries and braces, and has incurred physical pain and suffering and mental and emotional trauma from the physical injuries, in the past and present, and he will incur these injuries in the future. Plaintiff has incurred medical expenses in the past and present and will incur further medical expenses in the future. Plaintiff has suffered loss of income in the past and present and will suffer loss of income in the future. Plaintiff Vitalis Okere has suffered permanent disfigurement and scaring. Plaintiff Veronica Okere has suffered loss of companionship and affiliation, loss of consortium and loss affection.

Wherefore, Plaintiffs move this honorable Court to enter judgement in their favor for an amount which is just and reasonable in light of the law and evidence, plus interest on the judgment as allowed by law. Plaintiffs demand trial by jury on all counts so triable as of right.

## **JURY DEMAND**

Plaintiffs demand trial by jury on all counts so triable as of right.

Respectfully submitted on this \_10\_ day of February, 2020.

ALAN ARMSTRONG

*/s/ Alan Armstrong*

ALAN ARMSTRONG, Georgia Bar No. 022075
2900 Chamblee-Tucker Road
Building 5, Suite 350
Atlanta, GA 30341
404-451-0313 – Office
404-451-0317 – Fax
alan@alanarmstronglaw.com

KATZMAN, LAMPERT & STOLL, PLLC
David I. Katzman (*pro hac vice to be applied for*)
950 West University Dr., Ste. 101
Rochester, MI 48307
(248) 258-4800 - Office
(248) 258-2825 - Fax
dkatzman@klm-law.com

*Attorneys for Plaintiffs*